UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

KIZZY JOYE,

          Plaintiff,

-against-

JENNIE SHAW, et al.,

          Defendants.

08 Civ 4998 (LAP)

**NOTICE OF APPEARANCE AND DECLARATION IN OPPOSITION TO ORDER TO SHOW CAUSE TO REMAND**

**ELECTRONICALLY FILED**

JOSEPH DeDONATO, ESQ. being of full age, hereby declares and says:

1. I am a partner of Morgan Melhuish Abrutyn, attorneys for defendant Jenine Shaw. I make this Declaration in opposition to the Order To Show Cause to Remand this matter to Supreme Court.

2. Defendant Shaw was recently served, previously consented to and joined in co-defendant's removal petition and does so again in this Declaration and appearance. An Answer will be shortly filed.

3. The Court inquires, <u>sua sponte</u>, whether this matter should be remanded because the Summons and Complaint were served on March 17, 2008 and the Removal Petition was filed on May 30, 2008, and therefore the removal is untimely under 28 USC 1446(b).

4. The Second Circuit has made in <u>Whitaker v. American Telecasting Inc.</u>, 261 F.3d 196 (2d Cir 2001) that the "initial pleading" that triggers the 30 day removal period under 28 USC §1446(b) is not the Summons and Complaint. Rather, it is "any pleading (and not necessarily the complaint)

containing sufficient information to enable the defendant to intelligently ascertain the basis of removal". Id at 199.

5. Judge Patterson, in a case almost identical to this one, found the plaintiff's response to defendant's damage demand served pursuant to CPLR §3017(c) the "initial pleading" triggering the removal period. See Pinson v. Knoll, 2007 WL 1771554 (S.D.N.Y.). It was not the Summons and Complaint.

6. In this case, the plaintiff's Complaint sets forth no dollar amount in the ad damun. Plaintiff's counsel ignored answering the co-defendant's demand pursuant to CPLR §3017(c) but did provide the co-defendant's a Bill of Particulars, received on May 2, 2008. Based on the injuries asserted and the probability they would exceed $75,000 threshold, the co-defendants timely removed on May 30, 2008.

7. Based on the foregoing, the application to remand should be denied as the removal was timely. The "initial pleading" that triggered the 30-day period was the Bill of Particulars, not the Complaint. Removal any earlier would have had no good faith basis required under Rule 11.

I certify, under penalty of perjury of 28 USC §1746 that the above statements are true to the best of my knowledge and belief.

DATED: June 13, 2008                    **MORGAN MELHUISH ABRUTYN**

BY: _____
JOSEPH DeDONATO
39 Broadway, Suite 1701
New York, New York 10006
(212) 809-1111
Attorneys for Defendant
Jenine Shaw

488424                                              2