UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X
KIZZY JOYE,

                Plaintiff,

   -against-

JENINE SHAW, EDGAR MEZA OVANDO
and JAIME LOPEZ,

                Defendants.
---------------------------------------------------X

Civil Action No. 08 Civ. 4998 (LAP)

**ANSWER WITH CROSS-CLAIM AND JURY DEMAND**

**ELECTRONICALLY FILED DOCUMENT**

The defendant, JENINE SHAW, by and through her attorneys, Morgan Melhuish Abrutyn, by way of Answer to the Complaint of the plaintiff, respectfully alleges upon information and belief:

1. The defendant admits paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.

2. The defendant denies paragraphs 14, 15, 16, 17, 18, 19 and 20.

### FIRST AFFIRMATIVE DEFENSE

That if plaintiff sustained the injuries and damages alleged in the complaint, same were wholly or in part caused by the culpable conduct of plaintiff and defendants are entitled to judgment dismissing the complaint herein or in the alternative, the defendants are entitled to judgment assessing and fixing the culpable conduct of plaintiff contributing to said injuries and damages.

## SECOND AFFIRMATIVE DEFENSE

The incident which forms the basis of this litigation and which allegedly caused injuries and damages to the claimant was proximately caused or contributed to by the fault of third persons not parties to this litigation. The responsibility of the party filing this answer and the right of the claimant to recover in this litigation can only be determined after the percentages of responsibility of all parties to the incident are determined whether or not they are parties of this litigation. Accordingly, this party seeks an adjudication of the percentage of fault of the claimant and each and every person whose fault contributed to the incident.

## THIRD AFFIRMATIVE DEFENSE

The defendants deny liability, however, insofar as any collateral source payment may be made to plaintiffs, defendants are entitled to the benefits of CPLR § 4545 with reference to such payments.

## FOURTH AFFIRMATIVE DEFENSE

The defendants deny liability but assert that should any liability be established, plaintiff's damages shall be diminished in accordance with the provisions of CPLR §§ 1411, 1412, and 1413.

## FIFTH AFFIRMATIVE DEFENSE

The defendants deny liability but if defendants are found to be liable, defendants assert they are entitled to the provision of limited liability and joint liability as set forth in CPLR §§ 1600, 1601.

## SIXTH AFFIRMATIVE DEFENSE

The claimant assumed the risk and was fully cognizant of any and all circumstances surrounding the alleged incident.

## SEVENTH AFFIRMATIVE DEFENSE

The claimant failed to use a seatbelt and their claim is barred or diminished.

## EIGHTH AFFIRMATIVE DEFENSE

The claimant failed to sustain a serious injury pursuant to the Insurance Law and the claim is barred.

## AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS EDGAR MEZA OVANDO AND JAIME LOPEZ

That if plaintiff sustained the injuries and damages in the manner and at the time and place alleged, and if it is found that the answering defendant is liable to defendant herein, then said answering defendant, on the basis of apportionment of responsibility for the alleged occurrence, is entitled to indemnification from and judgment over and against the aforementioned defendants on the cross-claim for all or a part of any verdict or judgment that plaintiff may recover against the answering defendant, based on common law and contractual theories and responsibility, breach of warranty, indemnification and contribution between the answering defendant and the aforementioned defendants on the cross-claim.

That by reason of this action, the answering defendant has and will put through the costs and expenses including attorney's fees.

3

**WHEREFORE**, defendant demands judgment dismissing the Complaint herein as to said defendant, or diminishing the damages recoverable by plaintiff herein in proportion with the culpable conduct contributed by plaintiff, together with the costs and disbursements of this action, and further demands that, in the event the answering defendant is found liable to the plaintiff herein, said answering defendant, on the basis of apportionment of responsibility, has judgment over and against the aforementioned defendants for all or part of any verdict or judgment that plaintiff may recover against said answering defendant, together with costs and disbursements of this action, and for any expenses incurred in the defense thereof, including attorney's fees.

### JURY DEMAND

The defendant demands a trial by jury.

DATED: July 9, 2008

        **MORGAN MELHUISH ABRUTYN**

        By:   s/ Joseph DeDonato
        **JOSEPH DeDONATO**
        39 Broadway, Suite 1701
        New York, New York 10006
        (212) 809-1111
        Attorneys for Defendant
        Jenine Shaw

489735